17-21 (L)
*United States v. Basciano (Donato)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
                 *Circuit Judges,*
          LAWRENCE J. VILARDO,
                 *District Judge.*∗

---

UNITED STATES OF AMERICA,

       *Appellee,*               17-21 (L), 17-45 (Con.)

       v.

ANTHONY DONATO, AKA LITTLE ANTHONY,

       *Defendant-Appellant.*∗

---

**FOR APPELLEE:**  David C. James, Amy Busa, Assistant United States Attorneys, of Counsel, *for* Bridget M. Rohde, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

---

∗ Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

∗ The clerk of court is ordered to amend the caption of this case as shown herein.

**FOR DEFENDANT-APPELLANT:**            Anthony Donato, pro se, Danbury, CT.

      Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas Garaufis, *Judge*).

      **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

      Anthony Donato, proceeding *pro se*, appeals from the District Court's order denying his motions to unseal certain documents subject to a protective order. He sought release of these sealed documents, arguing that they had been provided to a codefendant and that the Government had failed to meet its burden to justify keeping them under seal under the common law and First Amendment right of access. The District Court denied the motions to unseal based on the law enforcement privilege and the privacy concerns of third parties. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

      We review *de novo* whether a document is a judicial document "subject to a presumptive right of public access, whether on common law or First Amendment grounds." *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017). The "ultimate decision to seal or unseal" is reviewed for abuse of discretion. *Id.* (internal quotation marks omitted). To be a "judicial document," "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

      The District Court correctly held that documents Donato sought were judicial documents. Documents exchanged during discovery are not judicial documents. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"). But we have consistently held that documents filed in criminal cases used to determine a litigant's substantive legal rights are judicial documents. *Id.* at 1049 ("[T]he public has an especially strong right of access to evidence introduced in trials." (internal quotation marks omitted)). Here, the documents were attached to a codefendant's motion for a new trial, which determined the codefendant's substantive legal rights. Thus, the attached documents were judicial documents.

      We conclude, however, that the District Court abused its discretion by ruling that the documents should remain under seal. There is both a common law and First Amendment right to access to judicial documents; the First Amendment right is "stronger than its common law ancestor and counterpart." *See United States v. Erie Cty.*, 763 F.3d 235, 238–39 (2d Cir. 2014). A qualified First Amendment right of access applies to criminal proceedings. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). "[H]igher values," however, such as "the privacy interests of those resisting disclosure" or "the danger of impairing law enforcement" can justify sealing documents in a criminal proceeding to which the public would normally have a right of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *in re N.Y. Times Co.*, 828 F.2d at 116). "Once a First Amendment right to access to judicial documents is found, the documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher

values and is narrowly tailored to serve that interest." *Erie Cty.*, 763 F.3d at 239 (alterations in original) (internal quotation marks omitted).

Here, the District Court's findings were too broad for wholesale sealing. Moreover, review of the sealed documents at issue reveals that they are largely cumulative of the information discussed in a District Court order and would require minimal redaction if unsealed. *See Erie Cty.*, 763 F.3d at 239. In other words, the District Court did not "narrowly tailor[]" its decision to keep certain sensitive information under seal by redacting that information from the documents. *Id.* And the District Court still has the option of making more specific findings—under seal, if appropriate—to allow for meaningful appellate review. *See In re N.Y. Times Co.*, 828 F.2d at 116.

We reaffirm that the "presumption of access is based on the need for the public monitoring of federal courts." *Amodeo II*, 71 F.3d at 1050. Thus, the appropriate focus of the inquiry of whether to unseal the documents is on the public's right to have access to judicial documents, which is "integral to our system of government." *Erie Cty.*, 763 F.3d at 238–39. We note, however, that our analysis applies only to the documents that were the subject of Donato's motions. In making more tailored findings regarding which information should remain sealed, the identities of witnesses in the witness protection program that were subject to the existing protective order should not be disclosed.

## CONCLUSION

Accordingly, we **VACATE** and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3